UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ABDUL RAZAK YUSSEF,

    Plaintiff,

v.

U.S. GOVERNMENT,

    Defendant.

Civil No. 11-876 (MJD/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted, or if the plaintiff is seeking relief from a party who is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts,

which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is attempting to sue the "U.S. Government." The legal basis for Plaintiff's lawsuit is described as "Bill of Right and Constitutional Rights; wiretaps, stalking, mental stress/abuse psych. abuse etc. harassments." (Complaint, [Docket No. 1], p. 3, ¶ 4.) The substantive factual allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Subjected to extreme psychological abuse, stress, intimidation, stalking, watched and followed by people I believe to be agents of the federal government /or informants. Kept under extreme mental & psychological hardship."

(Id., p. 4, ¶ 7.)

In the "Request for Relief" section of the complaint, Plaintiff indicates that he is seeking –

> "Monetary compasation [sic] deemed appropriate for immense suffering since May 2005. Restraining order and ceasatioin [sic] of all hostilities directed by agents of the federal government and monetary compasation [sic] deemed appropriate by the Court."

(Id., "Request for Relief.")

Plaintiff's complaint is plainly inadequate, because it does not describe a set of historical events that would entitle Plaintiff to a judgment against the named Defendant, U.S. Government, under any cognizable legal theory.  Therefore, Plaintiff has failed to plead a cause of action on which relief can be granted.

Furthermore, Plaintiff's complaint is fatally defective because the only named Defendant, U.S. Government, is immune from suit under the doctrine of sovereign immunity.  Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991).  See also Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), ("[t]he United States and its agencies are not proper defendants because of sovereign immunity"), cert. denied, 459 U.S. 1210 (1983).  Under the doctrine of sovereign immunity, the United States and its agencies can be sued only if, and to the extent that, the protections of sovereign immunity have been formally waived.  Manypenny, 948 F.2d at 1063.  Moreover, any such waiver of immunity must be "expressed unequivocally" by Congress.  Id.

Plaintiff has not shown that the federal government has waived its immunity from whatever claims he may be attempting to assert in this action.  He has not cited, nor is the Court independently aware of, any express congressional authorization for the lawsuit that Plaintiff is attempting to bring here.  This action is therefore barred by the doctrine of sovereign immunity.

For the reasons set forth above, the Court concludes that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because the complaint does not state any claim on which relief can be granted, and also pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), because the only named Defendant is immune from suit.  Because Plaintiff has not pleaded an actionable claim, his IFP application must be denied.

**RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. The action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Dated: April 12, 2011

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 27, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.